UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERNON B. PARSONS III,

       Plaintiff,

    v.

Case No. 2:25-cv-1187-KCD-KRH

DON THOMAS HALL, IN HIS
INDIVIDUAL AND OFFICIAL
CAPACITY AS CIRCUIT JUDGE,
12TH JUDICIAL CIRCUIT OF
FLORIDA; MARIFE JOYNO
CHANGCO, IN HER INDIVIDUAL
CAPACITY; DANIEL H. SLEET, IN
HIS OFFICIAL CAPACITY AS
JUDGE FOR THE 2ND DISTRICT
COURT OF APPEAL FOR
FLORIDA; ROBERT J.
MORRISJR., IN HIS OFFICIAL
CAPACITY AS JUDGE FOR THE
2ND DISTRICT COURT OF
APPEAL FOR FLORIDA; AND
NELLY N. KHOUZAM, IN HER
OFFICIAL CAPACITY AS JUDGE
FOR THE 2ND DISTRICT COURT
OF APPEAL FOR FLORIDA;

       Defendants,

                           /

## **ORDER**

Plaintiff Vernon Ballard Parsons III has sued the state court judges

who adjudicated his divorce. (*See* Doc. 4.) The defendants include Circuit

Judge Don Thomas Hall, who presided over the dissolution, as well as

Appellate Judges Daniel H. Sleet, Robert J. Morris, and Nelly Khouzam, who denied the subsequent petitions for review (collectively "Defendants"). Defendants now move to dismiss the complaint, arguing that their actions are shielded by judicial immunity, sovereign immunity bars the official-capacity claims, and the complaint is an impermissible shotgun pleading that fails to state a plausible claim for relief. Because judicial immunity operates as a complete bar to suit for actions taken in a judge's adjudicatory capacity, the Court's inquiry begins and ends there.

To ensure that judges can exercise their functions independently and without fear of personal consequences, the law insulates them from suit for actions taken in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).[1] This immunity is extraordinarily robust. It applies even when a judge is accused of acting maliciously, in bad faith, or beyond their authority. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A plaintiff can pierce this shield only by showing that the judge acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Looking at the allegations against Judge Hall, Parsons complains that he barred witnesses from testifying, denied motions to recuse, and appointed a special magistrate after the divorce decree was finalized. But managing a

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

courtroom, ruling on motions, and appointing adjuncts to enforce judgments are quintessential judicial acts. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Parsons attempts to pierce this shield by pointing to alleged ex parte communications with the court-appointed magistrate and Judge Hall's refusal to step down from the case. (*See* Doc. 41 at 5.) But ruling on a motion for recusal—even if decided incorrectly—is the very definition of an adjudicatory act. The same holds true for the alleged ex parte communications. A judge does not forfeit immunity merely because he is accused of communicating privately with a court-appointed officer regarding the execution of a court order. *See Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985). Even if these actions violated procedural rules, ethical canons, or a litigant's sense of fairness, they remain fundamentally judicial in nature and are protected.

Parsons also tries to salvage his claims by alleging that Judge Hall actively conspired with the magistrate and his former spouse to deprive him of his property. (Doc. 41 at 6.) He maintains that under *Dennis v. Sparks*, 449 U.S. 24 (1980), a judge forfeits immunity the moment he conspires with private actors. Not so. While *Dennis* held that private parties who conspire with a judge can be sued under 42 U.S.C. § 1983, the Supreme Court explicitly reaffirmed that the judge himself remains immune. *Id.* at 27. Simply slapping a "conspiracy" label on a judge's adverse rulings does not

magically dissolve the judge's protection. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Because the conduct underlying the alleged conspiracy—issuing orders, managing the docket, and orchestrating the sale of marital property—was fundamentally judicial, Judge Hall remains immune.

The claims against the appellate judges fare no better. Parsons targets Judges Sleet, Morris, and Khouzam because they issued unexplained, per curiam denials of his various appeals and petitions. (Doc. 41 at 11-12.) But rendering decisions on appeals and writs is the essence of the appellate judicial function. *See Sibley*, 437 F.3d at 1070. Parsons again attempts to evade this reality by framing these orders as a coordinated conspiracy to shield Judge Hall. But as already noted, appending the word "conspiracy" to adverse judicial rulings cannot pierce the shield of immunity. *See Wahl*, 773 F.2d at 1173. Judges Sleet, Morris, and Khouzam remain absolutely immune from this suit.

When a defense as formidable as judicial immunity applies on the face of the pleadings, allowing leave to amend would be futile. *Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *2 (11th Cir. May 10, 2023); *Hatcher v. Ala. Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 782 (11th Cir. 2018). Federal courts are not a forum for appealing state-court rulings, and judicial immunity bars Parsons's attempt here. Accordingly,

Defendants' Motion to Dismiss (Doc. 34) is **GRANTED**, and Hall, Sleet, Morris, and Khouzam are dismissed from this case **WITH PREJUDICE**. As there is still one defendant remaining, the case will stay open.

ORDERED in Fort Myers, Florida on July 6, 2026.

Kyle C. Dudek
United States District Judge