**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**VERNON BALLARD PARSONS III,**

     Plaintiff,

v.                                                                  Case No. 2:25-cv-1187-KCD-KRH

**MARIFE JOYNO CHANGCO**,

     Defendant.

_____/

## <u>Order</u>

At issue is Plaintiff's Motion for Court-Ordered Service by U.S. Marshal, or Alternatively, for Leave to Serve by Email. (Doc. 43). The Motion relates to the only remaining Defendant—Marife Joyno Chango. Due to obvious deficiencies, the Motion fails.

Under Rule 4(m), a plaintiff must serve within ninety days after filing the complaint. If she fails to do so, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

On the docket is the Court's standard Civil Action Order—which requires a plaintiff to serve timely or show cause why the unserved defendant should not be dropped from the case. (Doc. 3 at 1-2). It warns: "**A failure to promptly show cause why proof of service cannot be timely filed may result in a party being dropped from this action without further notice.**" (Doc. 3 at 2).

Plaintiff failed to serve Chango within the ninety-day deadline. Fed. R. Civ. P. 4(m); (Docs. 23; 38). So he filed a service-related motion. (Doc. 23). The Court granted in part—allowing another sixty days for service. (Doc. 38). That service deadline expired on July 1.

Rather than serve Chango, Plaintiff filed this Motion. In it, he seemingly tries to establish good cause to excuse his service obligations. Plaintiff fails to make that showing. Mostly, he offers a conclusory argument that the Court should order the Marshal to execute service (despite having no obligation to do so) or that the Court should excuse proper service (despite the Federal Rules requiring it). These possibilities are considered only after a plaintiff makes concerted, yet doomed efforts to serve. The Motion does not get close to that showing. There are many ways to perfect service on an individual; yet Plaintiff's actions fall well short of diligent efforts that demand excusing service. *See generally* Fed. R. Civ. P. 4.

But upon closer inspection, it gets worse.

Plaintiff appears to make misrepresentations to the Court regarding service. He contends the "Hillsborough County Sheriff's Department has attempted personal service on Defendant at her confirmed service address." (Doc. 43 at 2). Yet it is verifiably false that the sheriff attempted service in this case. Plaintiff's own exhibit shows purported service on December 15—i.e., before this case was even filed. (Doc. 43-1 at 16). If Plaintiff is trying to pass off the sheriff's service report as an attempt to serve here (which seems the reasonable reading of his Motion), that is a sanctionable false statement of fact. Fed. R. Civ. P. 11(b)(3).

2

Most liberally construed, perhaps Plaintiff meant the sheriff attempted service in some other case. If that were his intended statement, that still leaves no effort to serve Chango in this case. An attempt to serve Chango in a different action on a single day in the past does not somehow excuse Plaintiff from ever serving her in new cases—like this one—filed later. Instead, all that this Motion shows is that Plaintiff previously and unsuccessfully attempted to serve Chango in an unidentified case at an address that she elsewhere identified as her home. None of this can excuse the complete lack of service here.

Put different, there is no good cause established for Plaintiff's failure to serve. The case was filed in December. It is now July. Yet even after the Court granted a two-month extension of the service deadline, Plaintiff cannot show any real effort to serve Chango here. Nearly seven months is more than enough time to have made many attempts at service. There is simply no basis to order the specific relief that Plaintiff seeks in the Motion.

Despite the Court's warning about his need to show good cause, (Doc. 3 at 2), and the service extension, Plaintiff still cannot show compliance with Rule 4 or the Court's Orders. So the Motion fails. And it this point, it appears that the Court "must dismiss the without prejudice against" Chango. Fed. R. Civ. P. 4(m).

**ORDERED:**

Plaintiff's Motion for Court-Ordered Service by U.S. Marshal, or Alternatively, for Leave to Serve by Email (Doc. 43) is **DENIED**.

In Fort Myers, Florida, on July 7, 2026.

 

_____
Kevin R. Huguelet
United States Magistrate Judge

4